12 CIV 7522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DENNIS VILELLA,

                      Plaintiff,

      -against-

METROPOLITAN TRANSIT AUTHORITY; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                    Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

RECEIVED
OCT 09 2012
U.S.D.C. S.D.N.Y.
CASHIERS

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Dennis Vilella ("plaintiff" or "Mr. Vilella") is a resident of Nassau County in the State of New York.

8. Defendant Metropolitan Transit Authority ("MTA") is a corporation duly organized and existing under and by virtue of the laws of the State of New York. It operates, maintains and controls the MTA Police Department, including all the police officers thereof.

9. The defendant MTA is a governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the States of New York and, as such, is responsible for the policies, practices and customs of the MTA Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees including all the police officers thereof and that at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment and that they were acting as state actors acting under color of state law.

2

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the MTA. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant MTA. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color and pretense of the statutes, ordinances, regulations, customs and usages of the MTA and under the authority of their office as law enforcement officers.

## STATEMENT OF FACTS

13. At approximately 12:45 a.m. on February 19, 2012, plaintiff and a friend were lawfully walking through Pennsylvania Station in New York, New York, to take a train back to Long Island.

14. Plaintiff made a comment to his friend, noting that officers were present.

15. As plaintiff walked by, a defendant officer stopped Mr. Villela and asked to speak with him.

16. When plaintiff declined, the defendant immediately put plaintiff into a headlock.

3

17. Defendants forced plaintiff to the ground.

18. Three to four defendants jumped onto Mr. Villela while he was pinned to the ground.

19. Plaintiff was forcefully pulled-up off the ground, dragged and ultimately pushed into a room within Pennsylvania Station.

20. Once in the room, plaintiff was forced to stand with his hands rear-cuffed for approximately hour.

21. After being released, plaintiff took a train to Long Island. On that same train defendants taunted plaintiff, referring to him by his name, and verbally harassing him.

22. Plaintiff suffered pain to his neck, arms and shoulders for approximately one week following the assault by defendants.

23. Defendant officers falsely informed employees of the Manhattan County District Attorney's Office that they had observed plaintiff engage in disorderly conduct.

24. At no point did the officers observe plaintiff act in a disorderly manner.

25. Plaintiff was forced to appear in court to defend the mendacious charges levied against him.

26. All charges against plaintiff were dismissed on or about May 9, 2012.

27. Within ninety days after the claim alleged in this Complaint arose, a

4

written notice of claim was served upon defendants at the Comptroller's Office.

28. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

29. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

39. Plaintiff was conscious of his confinement.

40. Plaintiff did not consent to his confinement.

41. Plaintiff's confinement was not otherwise privileged.

42. Defendant MTA, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

43. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

47. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### State Law Malicious Prosecution

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

50. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct.

7

Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

51. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

52. All charges were terminated in plaintiff's favor.

53. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant the MTA, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

54. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### SIXTH CLAIM
### Unreasonable Force

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### State Law Assault and Battery

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

60. Defendant MTA, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

61. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
### Denial Of Constitutional Right To Fair Trial

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. The individual defendants created false evidence against plaintiff.

64. The individual defendants forwarded false evidence to prosecutors in the Manhattan County District Attorney's office.

65. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional

right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

66. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### First Amendment Retaliation

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

69. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful

acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

70. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## TENTH CLAIM
### Failure To Intervene

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 9, 2012
         New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwsflegal.com

*Attorney for plaintiff*